ANN-MARTHA ANDREWS
Nevada Bar No. 7585
AAndrews@LRLaw.com
ANN MARIE McLOUGHLIN
Nevada Bar No. 10144
LEWIS AND ROCA LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada  89169
(702) 949-8200
(702) 949-8398 (fax)

JASON M. KERR
Nevada Bar No. 7773
5742 West Harold Gatty Drive
Salt Lake City, Utah  84116
(801) 517-7088
(801) 517-7003 (fax)

Attorneys for Plaintiff
Western Holdings, LLC

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| WESTERN HOLDINGS, LLC, a limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>NUTRACEUTICAL DEVELOPMENT CORPORATION, a corporation; DAVID P. SUMMERS, an individual; JAMES P. DAVIDSON, an individual; B.B. TULLEY (in his capacity as the alleged receiver for NDC), an individual; DIANE DOTTAVIO, an individual; GEORGE GORDON, an individual; and JAMES G. GORDON, an individual,<br><br>Defendants. | Case No. 2:10-cv-00693<br><br>ORDER **TO SEAL THE COMPLAINT** |

-1-

## I. MOTION

Plaintiff WESTERN HOLDINGS, LLC moves to seal the complaint. The Court should seal the complaint because the language of the complaint contains references to a confidential agreement, which contains sensitive and confidential commercial information. The agreement is also attached to the complaint. If the complaint and attachments were made public and competitors discovered the agreement, the parties would suffer a competitive disadvantage.

## II. FACTUAL BACKGROUND

This interpleader case arises out of a dispute regarding the payment of royalties under a contract. Effective July 1, 2003, plaintiff Western Holdings, LLC ("Western") entered into an Exclusive License Agreement ("Agreement") with defendant Nutraceutical Development Corporation ("NDC") to license NDC's patented methodology for creating a dietary supplement ingredient, as set forth in US Patent No. 7,074,812 (the "Patent").[1] Pursuant to the Agreement, Western's affiliated entities developed a dietary supplement product called Endothil®-CR utilizing the technology embodied in the Patent. Endothil®-CR is a dietary supplement product that, among other things, is designed to assist muscle growth, body strength, and increase muscle mass.

For several years, there has been a dispute between Defendants regarding control of NDC and to whom the royalty payments should be made. The dispute has resulted in litigation in Texas and Nevada. Due to the dispute, the Defendants agreed in April 2009 that Western should hold all further royalty payments until the dispute could be resolved. Western is now holding $28,910.75 in accrued royalties pursuant to the terms of the Agreement. Recently, some of the parties have demanded payment and the other parties have objected. Western does not know and has no way to determine which parties' claim is valid. Therefore, Western filed this interpleader action.

By necessity, the agreement is attached to the interpleader complaint, which contains confidential commercial information. Further, the complaint states the amount of

---

[1] A copy of the Agreement is attached as Exhibit 1 to the Complaint (Dkt. 1).

Lewis and Roca LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada  89109

2190086.1

royalties paid and due to be paid. If competitors of the Defendants or the Plaintiff were to have access to the complaint and attached agreement, the parties would be placed at a competitive disadvantage. The competitors would have confidential information that they could use to the detriment of the parties.

Furthermore, the Agreement contains a confidentiality provision, which states,

> [The amount of royalties paid under the agreement] shall be maintained in confidence by NDC, however, NDC may, in its sole discretion, disclose the royalties paid under the terms of the Agreement.

(*See* Exhibit 1 to the Complaint (Dkt. 1) at page 5.)

By necessity, the interpleader complaint discloses the amount of royalties paid under the Agreement. The Agreement requires that this information be kept confidential. The Court should therefore enter an order sealing the complaint and exhibits to prevent unauthorized disclosure of the royalty amounts.

### III.   ARGUMENT

**A.   This matter must be sealed in order to protect the parties' confidential and proprietary information.**

Plaintiff cannot bring an action to enforce its rights against defendants unless the complaint and exhibits are sealed and do not become a matter of public record. Otherwise, confidential and proprietary information belonging to both parties will be unnecessarily revealed to the public, irreparably harming both parties' interests and in violation of the parties' contractual agreement.

Courts have discretion in determining whether to seal records, and will do so when the interests in non-disclosure outweigh those favoring public access. *E.g., Kamakana v. City and County of Honolulu,* 447 F.3d 1172, 1179 (9th Cir. 2006) ("In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify and sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to. . . release trade secrets."); *Nixon v. Warner Commc'ns, Inc.,* 435 U.S. 589, 598, 98 S.Ct. 1306 (1978); *Valley Broadcasting*

1  *Co. v. U.S. Dist. Ct.,* 798 F.2d 1289, 1294 (9th Cir. 1986.); *Foltz v. State Farm Mutual*
2  *Auto Ins. Co.,* 331 F.3d 1122, 1136 (9th Cir. 2003). Where there is a compelling interest in
3  secrecy, such as in the case of trade secrets, portions and even the entirety of a trial record
4  can be sealed. *Citizens First Nat'l Bank v. Cincinnati Ins. Co.*, 178 F.3d 943, 945 (7th Cir.
5  1999); *Doe v. Blue Cross & Blue Shield United of Wisconsin*, 112 F.3d 869, 872 (7th Cir.
6  1997); *Miller v. Indiana Hospital*, 16 F.3d 549, 551 (3rd Cir. 1994).

7        Indeed, courts can ensure full disclosure of relevant information by preserving the
8  parties' legitimate expectation that confidential business information, proprietary
9  technology and trade secrets will not be publicly disseminated. *In re Adobe Systems, Inc.*
10 *Securities Litigation*, 141 F.R.D. 155, 161-63 (N.D. Cal. 1992); *see also Johnson*
11 *Controls, Inc. v. Phoenix Control Systems,* 886 F.2d 1173, 1176 (9th Cir.1989); *Henry*
12 *Hope X-Ray Products Inc. v. Marron Carrel, Inc.*, 674 F.2d 1336, 1343 (9th Cir.1982).
13 "Courts have refused to permit their files to serve ... as sources of business information
14 that might harm a litigant's competitive standing." *In re Reporters' Committee*, 773 F.2d
15 1325, 1333 (C.A.D.C. 1985).

16       Here, if the Court refuses to seal the complaint and exhibits thereto, confidential
17 and proprietary information directly affecting the litigants' business interests will be
18 publicly disclosed, irreparably and needlessly harming the parties.

### IV.  CONCLUSION

20       For those reasons set forth herein, Plaintiff requests the Court enter an order sealing
21 the complaint and exhibits to avoid the public dissemination of proprietary and
22 confidential information belonging to all of the parties.
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

1 | RESPECTFULLY SUBMITTED this 13th day of May, 2010.

LEWIS AND ROCA LLP

BY: /s/ *Ann-Martha Andrews*
ANN-MARTHA ANDREWS
Nevada Bar No. 7585
ANN MARIE McLOUGHLIN
Nevada Bar No. 10144
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada  89169


JASON M. KERR
Nevada Bar No. 7773
5742 West Harold Gatty Drive
Salt Lake City, Utah  84116

Attorneys for Plaintiff Western Holdings, LLC


**IT IS SO ORDERED:**

[signature]

**U.S. DISTRICT JUDGE**

Dated  October 20, 2010