UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| WESTERN HOLDINGS, LLC, | |
| Plaintiff, | Case No. 2:10-CV-00693-KJD-RJJ |
| v. | **ORDER** |
| NUTRACEUTICAL DEVELOPMENT CORPORATION, *et al*., | |
| Defendants. | |

Currently pending before the Court are: a Motion to Dismiss (#18) by Defendants Nutraceutical Development Corporation, David P. Summers, James P. Davidson, and B.B. Tulley (the "Summers Defendants); Plaintiff Western Holdings, LLC's Motion to Strike the Motion to Dismiss (#23); Plaintiff's Rule 41(a) Motion to Dismiss (#34); and Plaintiff's Notice of Voluntary Dismissal (#38) to which the Summers Defendants Responded (#39). The Court has considered these motions and notice and the oppositions and replies thereto.

I. Background

Plaintiff Western Holdings, LLC licenses a patent for a nutritional supplement from Nutraceutical Development Corporation ("NDC"). Plaintiff has paid royalties to NDC for use of this patent. A dispute arose among Defendants over control of the company and Plaintiff and NDC

agreed that Plaintiff should hold all royalties until the dispute was resolved.  This lawsuit was originally filed as an interpleader action relating to the royalties held by Plaintiff.  However, Plaintiff now claims that NDC has breached the licensing agreement by failing to maintain the patent.  Plaintiff has filed an action in Utah state court for breach of contract.  Accordingly, it wishes to dismiss the interpleader action filed here.

II Analysis

      Fed. R. Civ. P. 41(a)(1)(A)(i) states that a plaintiff may dismiss an action without court order by filing "a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment."  Fed. R. Civ. P. 41(a)(2) allows a court to grant dismissal at a plaintiff's request when the court deems it proper.  Voluntary dismissal is not to be granted where a defendant will suffer plain legal prejudice if the case is dismissed. Smith v. Lenches, 263 F.3d 972, 975 (9th Cir. 2001). Plain legal prejudice is "prejudice to some legal interest, some legal claim, some legal argument." Westlands Water Dist. v. United States, 100 F.3d 94, 97 (9th.Cir. 1996). Plain legal prejudice specifically does not include a threat of future litigation, inconvenience from having to defend in another forum, uncertainty stemming from an unresolved dispute, or "where a plaintiff would gain a tactical advantage by that dismissal." Smith v. Lenches, 263 F.3d at 976.

      Plaintiff have properly noticed dismissal against the Summers Defendants.  The Summers Defendants have not filed an answer or a motion for summary judgment.  In response, the Summers Defendants unconvincingly argue that their own Motion to Dismiss should be heard before the case is dismissed and that defending the breach of contract action in Utah state court would be prejudicial. The authority cited by the Summers Defendants offers no support for this position. Although the remaining Defendants have filed an answer in this action, they have not opposed Plaintiff's Rule 41 Motion to Dismiss (#34).

      Therefore, **IT IS HEREBY ORDERED** that Plaintiff's Rule 41(a) Motion to Dismiss is, (#34) is **GRANTED**.

1  **IT IS FURTHER ORDERED** that Defendants Motion to Dismiss (#18) is **DENIED** as moot.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Strike (#23) is **DENIED** as moot.

**IT IS FURTHER ORDERED** that Plaintiff's action is **DISMISSED**, without prejudice.

DATED this 29th day of June 2011.

_____
Kent J. Dawson
United States District Judge